

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed July 2, 2009                  **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: | § |
| | § CHAPTER 13 |
| RENEE MARIE MARTIN, | § |
| | § CASE NO. 08-46189-DML |
| DEBTOR. | § |

### MEMORANDUM OPINION

Before the court is the *Motion to Compel Turnover of Property Pursuant to 11 U.S.C. § 542* (the "Motion") filed by Renee Marie Martin (the "Debtor"). The court considered the Motion at a hearing on May 21, 2009 (the "Hearing"). At the Hearing, the court heard argument from counsel for the Defendant and counsel for the standing chapter 13 trustee (the "Trustee").

This matter is subject to the court's core jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). This memorandum opinion embodies the court's

Memorandum Opinion – Page 1 of 6

findings of fact and conclusions of law. Fed. R. Bankr. P. 9014 and 7052.

## I. Background

Debtor filed her chapter 13 bankruptcy case on December 31, 2008. Her husband did not file for bankruptcy relief. For the tax year ending in 2008, for which Debtor and her husband filed a joint return, Debtor did not earn any wages and the subsequent tax refund due to debtor and her non-debtor spouse was based wholly on her non-debtor spouse's income and earnings. The total amount of the tax refund was $6,482.00. By order of this court on June 1, 2009, $1,556.00 of the refund was applied to the case to cure arrearage under and pay current Debtor's plan through May 2009; Debtor received $444.00 from the joint 2008 tax refund; and the remaining $4,482.00 was to be held by the Trustee pending final determination of this court on the entitlement of the remainder of the refund.

## II. Issue

The issue before the court is whether a tax refund belongs to the Debtor or the non-debtor spouse when a tax refund is a result of a joint filing and the Debtor has not contributed to the tax overpayment.

## III. Discussion

A. **Property of the Estate – 11 USC § 541**

Property of the estate is described in section 541 of the Code.[1] An estate is created upon commencement of a bankruptcy case. 11 U.S.C. § 541(a). Property of the estate is broadly defined. S*ee Patterson v. Shumate*, 504 U.S. 753, 757 (1992); *In re El Paso*

---

[1] The Motion was filed under section 542 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et.seq*. (the "Code"). Section 542, however, deals with turnover of property *to* the estate, not *by* the estate. The Motion, on the other hand seeks an order directing the Trustee to turnover property to the Debtor's non-debtor spouse. The court does not consider the mistaken invocation of section 542 material and will accordingly address the relief sought by the Motion.

*Refinery, L.P.*, 220 B.R. 37, 42 (Bankr. W.D. Tex. 1998); H.R. REP. NO. 95-595, at 367 (1977). It includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Under the Code, the interests of the debtor in property that pass to the estate include "[a]ll interests of the debtor and the debtor's spouse in community property … that is – (A) under the sole, equal, or joint management and control of the debtor." Section § 541(a)(2).

Although the Code includes "community property" as property of the estate, there is no definition of "community property" within the Code. *In re Robertson*, 203 F.3d 855, 859 (5th Cir. 2000); *In re Kim*, 405 B.R. 179, 188 (Bankr. N.D. Tex. 2009). The Fifth Circuit has held that state law is to be used when characterizing property as community or separate for the purpose of the bankruptcy estate. *Robertson*, 203 F.3d at 859 (citing 5 Collier on Bankruptcy ¶ 541.13[2] (15th ed. rev. 1999)(citing *Dumas v. Mantle (In re Mantle),* 153 F.3d 1082, 1084 (9th Cir. 1998); *F.D.I.C. v. Soderling (In re Soderling)*, 998 F.2d 730, 733 (9th Cir. 1993)); *Kim*, 405 B.R. at 188-89 (citing *Butner v. United States*, 440 U.S. 48, 54 (1979)); *In re Trammel*, 399 B.R. 177, 182 (Bankr. N.D. Tex. 2007).

B.  **Separate and Community Property**

In Texas, marital property is either separate or community property. *Kim*, 405 B.R. at 189. Under the Texas Constitution, separate property is defined as "property acquired before marriage or during marriage by gift, devise, or descent." TEX. CONST. ART. XVI, §15. The Texas Family Code further defines separate property as consisting of:

(1) the property owned or claimed by the spouse before marriage;
(2) the property acquired by the spouse during marriage by gift, devise, or

>      descent; and
> (3) any recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.

TEX. FAM. CODE ANN. § 3.001 (2009). "Each spouse has the sole management, control, and disposition of that spouse's separate property." TEX. FAM. CODE ANN. § 3.101 (2009).

Community property is "property, other than separate property, acquired by either spouse during the marriage." TEX. FAM. CODE ANN. § 3.002 (2009); *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001). In Texas, "property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE ANN. § 3.003 (2009); *Kim*, 405 B.R. at 189. As the tax refund is clearly not separate property of the non-debtor spouse, it is community property.

**C.     Texas Courts and Community Property Analysis**

Community property can be divided into two sub-types: solely managed and jointly managed. In Texas, property is solely managed community property if it is:

> property that the spouse would have owned if single, including: (1) personal earnings; (2) revenue from separate property; (3) recoveries for personal injuries; and (4) the increase and mutations of, and the revenue from, all property subject to the spouse's sole management, control, and disposition.

TEX. FAM. CODE ANN. § 3.102(a) (2009); *see e.g., Montemayor v. Ortiz*, 208 S.W.3d 627, 645 (Tex. App.—Corpus Christi 2006, pet. denied)(holding that a business bought by a spouse while married with separate funds and profits were not comingled into community bank accounts, was solely managed by the purchasing spouse).

Should the solely managed community property become mixed or comingled with solely managed property of the other spouse, the property becomes jointly managed,

"unless the spouses provide otherwise by power of attorney in writing or other agreement." TEX. FAM. CODE ANN. § 3.102(b); *Kim*, 405 B.R. at 189. Unless provided for in TEX. FAM. CODE ANN. § 3.102(b), community property is jointly managed "unless the spouses provide otherwise by power of attorney in writing or other agreement." TEX. FAM. CODE ANN. § 3.102(c); *see e.g., Allard v. Frech*, 754 S.W.2d 111, 114 (Tex. 1998), *cert. denied*, 488 U.S. 1006 (1989)(holding that when a community bank account did not have a partition agreement or spousal gift attached to it, the account was considered jointly managed).

In determining what is property of the estate, bankruptcy courts first must determine the character of the property through state law and then look to Code section 541 to see if it extends to that type of property. *Kim*, 405 B.R. at 190; *Butner*, 440 U.S. at 54. It is clear that one spouse's *earnings* are community property subject to that spouse's management and control.

D.  **Tax Refunds**

According to the 5th Circuit, as personal earnings are under "the sole management and control of the spouse who earned them, the tax refund generated from excess withholding of those earnings is as well." *Ragan v. Comm'r of Internal Revenue*, 135 F.3d 329, 333 (5th Cir.1998)(citing *In re Bathrick*, 1 B.R. 428, 430 (Bankr. S.D. Tex. 1979)). Applying Code section 541(a)(2)(A), the *Ragan* Court further held that "to the extent that the income is attributable to one spouse's sole management community property, the refund from the excess tax on that income is the sole management community property of that spouse." *Ragan*, 135 F.3d at 333; s*ee In re Lummus,* 2000 Bankr. LEXIS 2007 at *3-7 (Bankr. N.D. Tex. 2000). When there is an overpayment of

Memorandum Opinion – Page 5 of 6

income taxes by married couples, the overpayments "are apportionable to each spouse to the extent that he or she contributed to the overpaid amount." *Ragan*, 135 F.3d at 333. Accordingly, the Court of Appeals stated that "filing jointly does not give one spouse an interest in the income of another." *Id*. In the *Ragan* case, because Mr. Ragan's personal earnings comprised all of the income during the relevant tax year, and he was the bankrupt debtor, the entire refund became property of the estate. *Id*. In this case, using the *Ragan* Court's analysis adopted in *Lummus*, since the non-debtor spouse's personal earnings comprised all of the income during the relevant tax year and the tax refund was not comingled with property of Debtor, the entire refund is his sole management community property and does not become property of the estate. *See Id*.; *Lummus*, 2000 Bankr. LEXIS 2007 at *3-7; 11 U.S.C. § 541(a)(2)(A).

### IV. Conclusion

Because Code section 541(a)(2) limits estate property to community property that is "under the sole, equal or joint management and control of the debtor," and in this case, the tax refund is solely managed community property of the non-debtor spouse, the tax refund is not property of Mrs. Martin's estate. *See* 11 U.S.C. § 541(a)(2)(A). The remaining amount of the 2008 tax refund, $4,482.00 being held by the Trustee belongs to Mr. Martin, the non-debtor spouse and must be turned over to him. The Trustee is directed to prepare and submit an order accordingly.

### END OF MEMORANDUM OPINION ###